**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | * |
| PLAINTIFF, | * |
| v. | CASE NO.: PWG-15-1366 |
| WALTER GIL T/A GIL'S RESTAURANT *et al.* | * |
| DEFENDANTS. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff J & J Sports Productions Inc. ("J & J") filed this action against Defendants[1] Walter Gil, Daysi Gil, and Martin Salvador Zelada, alleging violations under the Communications Act of 1934, as amended, 47 U.S.C. § 605 *et seq.*; the Cable and Television Consumer Protection and Competition Act of 1992 (the "Cable Act"), as amended, 47 U.S.C. § 553 *et seq.*; and conversion. *See* Compl., ECF No. 1. J & J has filed a motion for default against Defendants Walter Gil and Daysi Gil only, seeking $151,500 in total damages: $100,000 in statutory and enhanced damages under the Communications Act, $50,000 in statutory and enhanced damages under the Cable Act, and $1,500 in damages for the tort of conversion. *See* Pl.'s Mot. 2, EF No. 10. For the reasons discussed below, I will (1) award Plaintiff $4,200 in statutory damages under 47 U.S.C. § 605(e)(3)(B)(iii); (2) deny Plaintiff's request for enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii); (3) deny Plaintiff's request for statutory damages

---

[1] The suit was brought against Walter Gil t/a Gil's Restaurant and Walter Gil t/a Gils Restaurant Partnership t/a Gils Restaurant (collectively. "Walter Gil"). The suit was brought against Daysi Gil t/a Gils Restaurant Partnership t/a Gils Restaurant ("Daysi Gil"). The suit was brought against Martin Salvador Zelada t/a Gils Restaurant Partnership t/a Gils Restaurant, ("Zelada").

and enhanced damages under 47 U.S.C. § 553; (4) deny Plaintiff's request for damages based on conversion; and (5) order Plaintiff and its counsel to show cause why they should not be sanctioned under Fed. R. Civ. P. 11 for yet again seeking enhanced damages that this Court repeatedly has ruled are not recoverable and doing so without properly acknowledging the scope of those rulings.

## I.     BACKGROUND

J & J had exclusive broadcast rights to the championship fight between Floyd Mayweather Jr. and Robert Guerrero (the "Program") on May 4, 2013, and Defendants broadcast the Program at their commercial establishment without a license. Compl. ¶¶ 9, 12, ECF No. 1. Plaintiff's private investigator approximates the maximum capacity at Defendants' establishment at one hundred people, Stephens Aff., ECF No. 10-3, and Plaintiff's Rate Card provides that the fee for a license for an establishment of that size to show the Program was $4,200, Rate Card, ECF No. 10-4.

J & J served Daysi Gil on May 26, 2015, and her answer was due on June 16, 2015. *See* ECF No. 6. J & J served Walter Gil on May 28, 2015, whose answer was due on June 18, 2015. *See* ECF Nos. 7 & 7-1.[2] Neither filed an answer. On July 15, 2015, J & J filed a motion for clerk's entry of default against Walter Gil and Daysi Gil. *See* ECF No. 8. The clerk entered

---

[2]     J & J filed its complaint on May 12, 2015, and has not yet served Zelada. Under Fed. R. Civ. P. 4(m), as it applied at the time the complaint was filed,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

I will order J & J to serve Zelada by September 1, 2016, or J & J's case against Zelada will be dismissed without further notice.

default against Walter Gil and Daysi Gil on August 6, 2015. *See* ECF No. 9. On September 29, 2015, J & J filed its motion for judgment by default against Walter Gil and Daysi Gil. *See* Pl.'s Mot.[3]

## II. DISCUSSION

I have reviewed J & J's motion for judgment by default, the exhibits attached thereto, and the record in this case. I find that Defendants Walter Gil and Daysi Gil were properly served yet failed to plead or otherwise defend. Moreover, accepting the well-pleaded factual allegations in J & J's complaint as to liability as true, *see Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001), I find that Walter Gil and Daysi Gil are liable for violations of 47 U.S.C. §§ 605(e)(3)(B)(iii) & 605(e)(3)(C)(ii) and 47 U.S.C. §§ 553(c)(3)(B) & 553(c)(2)(c) and that they acted willfully in violating the statutes. For these reasons, I will award J & J damages as detailed below.[4]

### A. Statutory Damages under 47 U.S.C. § 605(e)(3)(B)(iii)

"Consistent with prior case law in this District, the Court will accept the cost to purchase the Program as the direct loss to J & J Sports Productions . . . ." *J & J Sports Prods., Inc. v. El Rodeo Restaurant, LLC*, No. PJM-15-172, 2015 WL 3441995, at *2–3 (D. Md. May 26, 2015). Plaintiff provided the Rate Card showing $4,200 as the amount Defendant would have paid for a

---

[3] Accompanying J & J's motion is a memorandum of points and authorities, Pl.'s Mem., ECF No. 10-2. Defendants have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is unnecessary. *See* Loc. R. 105.6.

[4] Because I find Walter Gil and Daysi Gil liable under the statutes and decline to permit J & J double recovery as explained below with respect to both of these statutes and the tort of conversion, I need not rule on whether they also would be liable under the tort of conversion. *See J & J Sports Prods., Inc. v. Castro Corp.*, No. AW-11-188, 2011 WL 5244440, at *3 (D. Md. Nov. 1, 2011) ("Courts have similarly not allowed recovery for claims of conversion, as they would not exceed those under §§ 553 or 605 and would result in double-recovery." (citing *J & J Sports Prods., Inc. v. J.R.'Z Neighborhood Sports Grille, Inc.*, Civ. No. 2:09–03141, 2010 WL 1838432, at *2 (D.S.C. 2010))).

license to show the Program.  *See* Rate Card.  Accordingly, I will award Plaintiff a total of $4,200 in statutory damages under 47 U.S.C. § 605(e)(3)(B)(iii).

### B.  Enhanced Damages under 47 U.S.C. § 605(e)(3)(C)(ii)

Plaintiff has requested enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii).  *See* Pl.'s Mot. 2.  Previously, I have granted limited enhanced damages under a similar fact pattern to the present case where the defendant acted willfully, the private investigator did not pay a cover charge, and there was no evidence that the defendant advertised the event or repeatedly violated the statute for monetary gain.  *See J & J Sports Prods., Inc. v. Diaz, Grandados, Inc.*, No. PWG-14-457, slip op. 2 (D. Md. Sept. 28, 2015).  The fact pattern present in this case constitutes "non-egregious willfulness" that is insufficient "to recover the maximum damages authorized by statue and . . . damages under section 553, section 605, and conversion for the same conduct."  *See J & J Sports Prods., Inc. v. Rumors, Inc.*, No. CCB-14-2046, 2014 WL 6675646, at *4 (D. Md. Nov. 21, 2014).  "Undaunted, J & J 'has repeatedly filed motions seeking excessive damages in nearly identical cases, and the court has consistently addressed the limitations on damages for the same causes of action brought here.'"  *Id.* (quoting *J & J Sports Prods., Inc. v. Sabor Latino Rest., Inc.*, No. PJM–13–3515, 2014 WL 2964477, at *2 (D. Md. June 27, 2014)).  "In light of this recalcitrance, the court declines to award any enhanced damages."  *Id.*  "[S]ince *Rumors*, J & J has made several unsupported requests for the maximum amount of enhanced damages in this district."  *J & J Sports Prod., Inc. v. Intipuqueno, LLC*, No. DKC 15-1325, 2016 WL 1752894, at *4 (D. Md. May 3, 2016) (citations omitted) (denying Plaintiff's request for maximum enhanced damages where facts are almost identical to this case because Plaintiff continues to request such damages and ignores precedent of this Court denying its requests).  It would be one thing if Plaintiff had acknowledged the line of cases from this Court denying enhanced damages in

similar circumstances and advanced a non-frivolous argument why a different result would be warranted in this case, but it did not. Plaintiff simply ignored clearly dispositive case law that was inconsistent with its position and that it may not do with impunity. Accordingly, I will follow the recent rulings of this Court and decline to award J & J any enhanced damages.[5]

As noted, Plaintiff and its counsel have ignored the clear precedent of this Court in continuing to seek "excessive" enhanced damages as requested in its motion. In its argument seeking these damages, J & J fails to cite to the portions of recent cases rejecting J & J's arguments for damages at the statutory maximum level. J & J has acknowledged that "[g]enerally, Plaintiffs cannot recover under both statutes for the same conduct and courts allow recovery under only § 605 as it provides for greater recovery." *See* Pl.'s Mem. 5 (citing *J & J Sports Productions, Inc. v. Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *1 (D. Md. June 7, 2010)). However J & J ignores this Court's ruling in the *same* opinion rejecting its request for damages at the statutory maximum:

> Plaintiff here has been a Plaintiff in many other nearly identical cases and is on notice as to the kind of evidence to which the courts look in determining statutory damages. Instead of providing such evidence, it has chosen to argue that the award should be the statutory maximum, including enhancement, of $100,000. This amount is extraordinarily excessive in relation to awards in other similar cases and Plaintiff provides no grounds for such a deviation, especially when the evidence available shows profits to Defendants far below the $1000 statutory minimum. Thus, the Court finds that the statutory minimum damages of $1000 is an appropriate award.

*Id.* at *3. J & J ignores and does not cite to this Court's findings in *Sabor*:

---

[5] I granted a modest amount of limited enhanced damages ($6,600) in *Diaz* where J & J requested the statutory maximum damages. In the current case, J & J is back before me seeking the same exaggerated damages that I rejected in *Diaz*. Based on J & J's repeated requests for maximum damages while ignoring the precedent of this Court, some of my colleagues have decided to award no enhanced damages at all to J & J. In light of this history, I am persuaded by the view of my colleagues that no enhanced damages are appropriate because J & J continues to request the maximum damages and fails to acknowledge the precedent of this Court.

> J & J Sports Productions has repeatedly filed motions seeking excessive damages in nearly identical cases, and the Court has consistently addressed the limitations on damages for the same causes of action brought here. It is troubling that J & J Sports Productions continues to proceed without regard to the many opinions written on this issue.

*Sabor*, 2014 WL 2964477, at *2 (internal citations omitted). J & J has also failed to cite or otherwise discuss this Court's finding in *Rumors*:

> J & J has been on notice, at least since *Quattrocche*—which merely codified past judicial practice-that in a case of non-egregious willfulness it was not eligible to recover the maximum damages authorized by statute and that it could not recover damages under section 553, section 605, and conversion for the same conduct. Undaunted, J & J "has repeatedly filed motions seeking excessive damages in nearly identical cases, and the court has consistently addressed the limitations on damages for the same causes of action brought here." *J & J Sports Prods., Inc. v. Sabor Latino Rest., Inc.,* Civil No. PJM–13–3515, 2014 WL 2964477, at *2 (D.Md. June 27, 2014).

*Rumors*, 2014 WL 6675646, at *4.

"The cases Plaintiff cites from other districts granting enhanced damages do not erase the repeated, clear direction that multiple judges in this district have given Plaintiff regarding damages." *Intipuqueno*, 2016 WL 1752894, at *4.[6] Plaintiff cites to *Quattroche* for one proposition but ignores the portions of the opinion that are contrary to its argument for maximum statutory damages. Further, Plaintiff and its counsel fail to acknowledge and cite the same contrary rulings of this Court in *Sabor*, *Rumors*, and *Intipuqueno*. On its face, this appears to be a clear violation of Plaintiff's counsel's representations to this Court that their "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* Fed. R. Civ. P. 11(b)(2).

---

[6] I note that this Court issued a memorandum opinion and order in *Intipuqueno* after J & J filed this motion for judgment by default. Nevertheless, J & J has a continuing obligation to inform this Court of adverse precedent and did not after this Court ruled against it in *Intipuqueno*.

In *Quattroche*, counsel for J & J was Richard Kind of the Law Offices of Kind and Dashoff.  In *Sabino*, *Rumours*, *Intipuqeno*, and the present case, counsel for J & J were or are Amy Keller, Erica Cook, and Richard Kind of the Law Offices of Kind and Dashoff.  Plaintiff's counsel are members of the bar of the United States District Court for the District of Maryland.  "This Court applies the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals."  Loc. R. 704.  Rule 3.3 states that a "lawyer shall not knowingly: . . . (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."  From the materials before me, it appears that Plaintiff's counsel violated Maryland Rule of Professional Conduct 3.3 by failing to disclose the precedent in *Quattroche*, *Sabino*, *Rumours*, and *Intipuqeno* that was directly adverse to J & J's position with respect to enhanced damages.  Under Fed. R. Civ. P. 11(c)(3), I will order Plaintiff and its counsel to show cause pursuant to Fed. R. Civ. P. 11(c)(1) why they should not be sanctioned for yet again seeking maximum enhanced damages without discussing contrary controlling precedent from this Court regarding the extent of damages recoverable in this case.

### C. Statutory Damages and Enhanced Damages under 47 U.S.C. § 553

"J & J cannot . . . recover under both section 553 and section 605.  To hold otherwise would violate the maxim that 'courts can and should preclude double recovery . . . .'"  *Rumors*, 2014 WL 6675646, at *2 (quoting *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002)).  J & J acknowledges that this Court generally does not permit double recovery but seemingly urges that I follow a Northern California district court in permitting recovery under both sections 605 and 553.  *See* Pl.'s Mem. 5 (citing *Spencer Promotions, Inc. v. 5th Quarter Enterprises, Inc.*, No. C-94-0988 CW, 1996 WL 438789, at *8 (N.D. Cal. Feb. 21, 1996)).  I will follow the precedent of

this Court and deny J & J's request for statutory and enhanced damages under 47 U.S.C. § 553 because I already have awarded J & J damages under 47 U.S.C. § 605.

### D.  Damages Based on Conversion

J & J also seeks damages of $1,500 for the tort of conversion.

> Generally, . . . plaintiffs cannot recover under [§§ 553 and 605] for the same conduct and courts allow for recovery under only § 605 as it provides for greater recovery.  Courts have similarly not allowed recovery for [the] claims of conversion as they would not exceed those under §§ 553 or 605 and would result in double recovery.

*Quattrocche*, 2010 WL 2302353, at *1 (citations omitted).  I will follow the precedent of this Court and deny J & J's request for damages based on the tort of conversion because I already have awarded J & J damages under 47 U.S.C. § 605.

### III.  CONCLUSION

For the reasons explained above, I will GRANT IN PART AND DENY IN PART Plaintiff's motion for judgment by default.

### **ORDER**

Accordingly, it is, this 1st day of August, 2016 hereby ORDERED that:

1. Plaintiff's motion for judgment by default, ECF No. 10, IS GRANTED IN PART AND DENIED IN PART as follows:
   a. Plaintiff IS AWARDED a total of $4,200 in statutory damages under 47 U.S.C. § 605(e)(3)(B)(iii).
   b. Plaintiff's request for enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii) is DENIED.

    c. Plaintiff's request for statutory damages and enhanced damages under 47 U.S.C. § 553 IS DENIED.

    d. Plaintiff's request for damages based on conversion IS DENIED.

2. The Clerk of the Court shall send copies of this Order to the parties and CLOSE this case with respect to Defendants Walter Gil and Daysi Gil;

3. Plaintiff is ordered to serve Defendant Zelada by September 1, 2016, or its case against Zelada will be dismissed; and

4. Plaintiff and its counsel are ordered to show cause why they should not be sanctioned under Fed. R. Civ. P. 11 by filing a memorandum of no more than 20 pages in length by August 16, 2016, and appearing before me for a hearing on this matter on Friday, September 9, 2016, at 1:00 p.m.

                                                             /S/  
                                                          Paul W. Grimm  
                                                          United States District Judge

Dh/dpb